IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EDWARD R. NEWSOME,                    §
TDCJ-CID NO. 437698,                  §
                                      §
            Petitioner,               §
                                      §
v.                                    §        CIVIL ACTION NO. H-09-2027
                                      §
NATHANIEL QUARTERMAN,                 §
                                      §
            Respondent.               §

## MEMORANDUM OPINION AND ORDER

Edward R. Newsome, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus challenging a state court conviction. After reviewing Newsome's petition (Docket Entry No. 1) and the records in other federal habeas actions filed by Newsome, the court has determined that the petition should be dismissed because part of it is a successive challenge and the remainder asserts a claim for which there is no relief. The court will also warn Newsome that he may be barred from filing any new habeas actions.

Newsome's petition concerns a state felony conviction for unauthorized use of a vehicle for which he is serving a 39-year sentence. _State v. Newsome_, No. 441673 (179th Dist. Ct. Harris County, Tex., Nov. 21, 1986). He asserts that he challenges the state court's judgment, a 2004 parole revocation hearing, and a disciplinary proceeding. (Docket Entry No. 1, at 2)

## I.  **Procedural History - Successive Petition**

Newsome filed an appeal after being found guilty and sentenced by the trial court.  Newsome's state court appeal was denied, and his petition for discretionary review was refused on March 1, 1989.  See Newsome v. State, No. 14-87-00048-CR (Tex. App. -- Houston [14th Dist.] March 24, 1988).  Newsome filed a state application for a writ of habeas corpus on May 29, 2002, and the Texas Court of Criminal Appeals denied it on July 31, 2002.

Newsome filed a petition for a writ of habeas corpus in federal district court, which was dismissed as untimely.  Newsome v. Cockrell, No. H-02-1620 (S.D. Tex. May 14, 2002).  He filed at least four more habeas petitions challenging the same conviction; each of the petitions was dismissed as successive having been filed without advance permission from the Court of Appeals for the Fifth Circuit as mandated by 28 U.S.C. § 2244(b).  See Newsome v. Dretke, No. H-04-3233 (S.D. Tex. Feb. 2005).  Like the previous actions, there is no showing in the current petition indicating that Newsome has received permission from the Fifth Circuit to file a successive challenge regarding claims that could have been previously raised.  Consequently, that portion of the petition is subject to dismissal without further review of the merits.  See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

## II.  **Challenge to Recent Disciplinary Action**

Newsome also presents a claim regarding a disciplinary ruling that occurred on or about May 5, 2009.  (Docket Entry No. 1, at 4)

Therefore, the claim, which arose after the filing of the prior habeas actions, is not barred from consideration under 28 U.S.C. § 2244(b).  Cain, at 236.

Although Newsome's challenge to his disciplinary proceeding is not barred as successive, the court must nevertheless examine the merits of this claim to determine if an answer should be sought from the State or if this action should be dismissed because he is not entitled to relief.  (Rule 4, Rules Governing Section 2254 Cases in the United States District Courts)  Newsome was charged with and found guilty of stealing materials from the prison law library.  (Docket Entry No. 1, at 8)

Relief cannot be granted in a habeas case unless the petitioner can show to the court that he has been denied a right secured under the Constitution or federal law.  Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000).  In a challenge to a prison disciplinary proceeding, a habeas petitioner cannot assert the same rights available to him as a defendant in a state court criminal case.  See Turner v. Johnson, 46 F.Supp.2d 655, 660 (S.D. Tex. 1999).  The decisive issue to Newsome's disciplinary claim is whether he actually lost good-time credits that would affect the length of time he must serve in prison.  See Hallmark v. Johnson, 118 F.3d 1073 (5th Cir. 1997).  Newsome asserts that the punishment imposed by the disciplinary officer consisted of thirty days of cell restriction.  (Docket Entry No. 1, at 4)  He has also attached

-3-

a copy of a Notice of Suspension that prevented him from using the law library for a period of 30 days. (Docket Entry No. 1, at 9)

Newsome's remaining claim is subject to dismissal because he fails to show how the punishment ordered by the disciplinary officer has altered the length of his confinement. <u>Malchi</u>, 211 F.3d at 958. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2297 (1995). The loss of privileges imposed on Newsome are merely changes in the conditions of his confinement, which do not implicate due process concerns. <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997). They are not penalties that would be considered "the type of atypical, significant deprivation" that would be actionable. <u>See Malchi</u>, 211 F.3d at 958; <u>Pichardo v. Kinker</u>, 73 F.3d 612, 612-13 (5th Cir. 1996); <u>McGuinness v. Dubois</u>, 75 F.3d 794, 797 n.3 (1st Cir. 1996).

### III.  <u>Prior Sanctions and Warning</u>

Newsome has filed numerous federal habeas petitions challenging the same state court conviction, many of which have repeated the same claims. Newsome also has an extensive record of federal civil rights complaints, which have been dismissed as frivolous, and on numerous occasions he has been barred from filing civil rights complaints without prepayment of the filing fee. <u>See</u>, e.g., <u>Newsome v. Harris County Jail Director</u>, No. H-02-3192 (S.D.

Tex. Sept. 19, 2002); <u>Newsome v. Harris County Jail Director</u>, No. H-02-2388 (S.D. Tex. July 9, 2002). Despite such orders, Newsome has continued to file baseless lawsuits, and this court has had to resort to ordering him to pay a sanction and barring him from filing any civil rights suit in the Southern District of Texas. <u>Newsome v. Sutter</u>, H-04-3596 (S.D. Tex. Nov. 26, 2004) (frivolous civil rights action against defense attorney styled as a habeas petition).

The court is aware of the great importance of an inmate's right to challenge the validity of his confinement pursuant to the provisions of 28 U.S.C. § 2254, but Newsome has demonstrated a callous disregard to his responsibilities as a <u>pro se</u> litigant by filing suits that are nonsensical and misleading. <u>See</u>, <u>e.g.</u>, <u>Newsome v. Dretke</u>, No. H-04-3098 (S.D. Tex. Aug. 9, 2004) (habeas form used to file suit against Fiesta food store and its manager). Newsome has abused his right of access to the courts. <u>See</u> <u>Day v. Allstate Ins. Co.</u>, 788 F.2d 1110, 1114 (5th Cir. 1986). Therefore, the court shall warn him that he may also be barred from filing any future habeas actions without prior permission from the court if he persists in filing successive or baseless habeas petitions.

## IV. <u>Conclusion</u>

The court **ORDERS** the following:

1.    The Motions for Leave to File a Second and Successive Writ (Docket Entry Nos. 2 and 5) are **DENIED**. <u>See</u> 28 U.S.C. § 2244(b)(3)(A).

2.    The Application to Proceed In Forma Pauperis
      (Docket Entry No. 3) is **GRANTED**.

3.    The Petition for a Writ of Habeas Corpus by a
      Person in State Custody/Motion for Leave to file
      Writ of Mandamus (Docket Entry No. 1) is **DISMISSED
      with prejudice.**

4.    The petitioner is **ADMONISHED** that any further
      habeas petitions that are successive or frivolous
      may result in the imposition of sanctions,
      including an order barring him from filing any more
      habeas petitions without prior written permission
      from the courts.

5.    A certificate of appealability is **DENIED**.

6.    The Clerk will provide a copy of this Memorandum
      Opinion and Order dismissing this action to the
      petitioner and the Pro Se Clerk for the
      United States District Court, Eastern District of
      Texas, Tyler Division, 211 West Ferguson, Tyler,
      Texas 75702.

7.    The Clerk shall provide a copy of the petition and
      this Memorandum to the Attorney General of the
      State of Texas.

**SIGNED** at Houston, Texas, on this the 24th day of July, 2009.

_____
              SIM LAKE
    UNITED STATES DISTRICT JUDGE

-6-